IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-573-D

ARTHUR VINCENT,                    )
                                   )
                Plaintiff,         )
                                   )
        v.                         )           **ORDER**
                                   )
BAKER MOTORSPORTS and              )
PERFORMANCE FINANCE,               )
                                   )
                Defendants.        )


On October 30, 2020, plaintiff, appearing pro se, filed a motion to proceed in forma pauperis

[D.E. 1]. Pursuant to 28 U.S.C. § 636(b)(1), the court referred the matter to Magistrate Judge

Kimberly A. Swank for a memorandum and recommendation on the plaintiff's motion to proceed

in forma pauperis and for a frivolity review [D.E. 4]. On June 21, 2021, Magistrate Judge Swank

issued a Memorandum and Recommendation ("M&R") and recommended that the complaint be

dismissed and that all other motions filed in the action be stricken or terminated. See [D.E. 14]. On

July 12, 2021, plaintiff objected to the M&R [D.E. 16].

"The Federal Magistrates Act requires a district court to make a de novo determination of

those portions of the magistrate judge's report or specified proposed findings or recommendations

to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th

Cir. 2005) (alteration, emphasis, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely

objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that

there is no clear error on the face of the record in order to accept the recommendation." Diamond,

416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not

required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

The court has reviewed the M&R and the record. Plaintiff's objections merely restate the arguments made in the complaint and are overruled. See [D.E. 16] 3–4; [D.E. 15] 2–4. There is no clear error on the face of the record. See Diamond, 416 F.3d at 315. Thus, the court adopts the conclusion in the M&R that the court lacks subject-matter jurisdiction and dismisses the complaint.

In sum, the court GRANTS plaintiff's motion to proceed in forma pauperis [D.E. 1], DENIES plaintiff's motion for default judgment [D.E. 6], DISMISSES as moot defendant's motion to dismiss [D.E. 10], DISMISSES as moot plaintiff's motions to strike [D.E. 12, 13], OVERRULES plaintiff's objections to the M&R [D.E. 16], ADOPTS the conclusions in the M&R [D.E. 14], and DISMISSES plaintiff's complaint for lack of subject-matter jurisdiction. Plaintiff must seek relief in state court. The clerk shall close the case.

SO ORDERED. This 20 day of July 2021.

James Dever

JAMES C. DEVER III
United States District Judge

2